UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BARBARA FLANIGAN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>C R BARD INCORPORATED, et al.,<br><br>　　　　Defendants. | Case No: 4:19CV2532 HEA |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss, [Doc. No. 32]. Plaintiff has not responded to the Motion. For the reasons set forth below, the Motion is granted.

On June 16, 2020, Defendants filed a Suggestion of Death regarding Plaintiff Barbara Flanigan. On September 14, 2020, all attorneys for the Plaintiff filed a Motion to Withdraw as Counsel wherein they requested that Plaintiff be granted a 60 day stay to retain new counsel. Plaintiff's attorneys certified that they had attempted to confer with Roger Flanigan but that he did not respond to their communications. The Court granted the Motion to Withdraw and granted Plaintiff 20 days to have new counsel enter an appearance.

On October 6, 2020, Defendants filed the instant Motion to Dismiss on the basis that no new counsel had entered an appearance on behalf of Plaintiff during the 20-day time frame allotted by the Court. Federal Rule of Civil Procedure 41(b)

allows for the dismissal of a cause of action due to a plaintiff's failure to comply with a court order. *See* F.R.C.P. 41(b). "The district's court exercise of this power is within the 'permissible range of its discretion' if there has been a clear record of delay or contumacious conduct by the plaintiff." *American Inmate Paralegal Assoc. v. Cline*, 859 F.2d 59, 62 (8th Cir. 1988) quoting *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986). "Pro se litigants are not excused from complying with court orders or substantive and procedural law." *Id.* citing *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). To date, Plaintiff has not complied with the Court's Order to retain new counsel.

Additionally, Federal Rule of Civil Procedure 25(a)(1) provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party…. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." More than 90 days have passed since Defendants filed their Suggestion of Death and no proper party has been substituted for Barbara Flanigan.

Plaintiff has taken no action in this case since June 16, 2020. This matter will be dismissed for failure to prosecute and for failure to substitute party after Plaintiff Barbara Flanigan's death.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, [Doc. No. 32], is **GRANTED**.  This matter is dismissed, without prejudice, for failure to prosecute.

Dated this 21st day of January, 2021.

_____        _____
                                                                            HENRY EDWARD AUTREY
                                                       UNITED STATES DISTRICT JUDGE